UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| MAURICE BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00335-WTL-DLP |
| | ) | |
| RICHARD BROWN, | ) | |
| JOEL LYTTLE, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION FOR LEAVE TO PROCEED
IN FORMA PAUPERIS AND ORDER TO SHOW CAUSE**

This matter is before the Court for resolution of Plaintiff Maurice Bennett's motion for leave to proceed *in forma pauperis* and for screening of his complaint pursuant to 28 U.S.C. § 1915A(b).

**I. Motion for Leave to Proceed *In Forma Pauperis***

Mr. Bennett's motion for leave to proceed *in forma pauperis*, Dkt. No. 2, is **granted** to the extent that he is assessed an initial partial filing fee of Eighteen Dollars and Fifteen Cents ($18.15). Mr. Bennett shall have **through September 10, 2018**, in which to pay this sum to the clerk of the district court.

Notwithstanding the foregoing ruling, Mr. Bennett still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996). However, only the initial partial filing fee must be paid by the above deadline.

## II. Screening of Complaint

Mr. Bennett is an inmate currently incarcerated at Wabash Valley Correctional Facility (WVCF). Because he is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants.

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as Mr. Bennett's are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### B. The Complaint

The allegations in Mr. Bennett's complaint may be summarized as follows. Mr. Bennett was convicted and sanctioned following a prison disciplinary proceeding. Mr. Bennett challenged his conviction through the available channels in the Indiana Department of Correction (IDOC). After his appeals were denied, Mr. Bennett filed a petition for a writ of habeas corpus in this Court. After he filed his petition, but before this Court ruled on it, the IDOC vacated Mr. Bennett's disciplinary conviction and sanctions. The Court granted the warden's motion to dismiss Mr.

Bennett's habeas petition as moot and set the matter for rehearing, and the case was dismissed without prejudice.

Mr. Bennett now brings this suit for damages against Defendant Brown, the warden at WVCF, and Defendant Little, the IDOC official who vacated his conviction and set the matter for rehearing. Mr. Bennett alleges that the defendants violated his due process rights by vacating his disciplinary conviction and thereby interfering with his right to pursue habeas relief.

**C.  Analysis**

The allegations in Mr. Bennett's complaint do not support a claim upon which relief may be granted.

Inmates are entitled to certain due process protections as prison officials investigate and adjudicate their disciplinary charges. These include advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, and a written statement articulating the reasons for the disciplinary action and the evidence justifying it. *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). And, speaking broadly, inmates have a right to pursue relief from the courts without interference by prison officials. *See, e.g.*, *Ex parte Hull*, 312 U.S. 546, 549 (1941) ("the state and its officers may not abridge or impair petitioner's right to apply to a federal court for a writ of habeas corpus").

But Mr. Bennett alleges neither that he was denied due process in the investigation or adjudication of his disciplinary proceeding nor that the defendants interfered with his right to file and litigate a habeas action. Rather, he alleges that, after he filed his habeas action, the defendants vacated his conviction and sanctions and set the matter for rehearing.

The defendants' actions did not subject Mr. Bennet to a legal injury. A federal court can offer relief to a habeas petitioner under 28 U.S.C. § 2254 only by vacating the conviction and sentence being challenged. The defendants afforded Mr. Bennett exactly that relief when they vacated his conviction and sanctions. Had Mr. Bennett been able to continue with his habeas action, he could not have achieved a better result. Otherwise, the Court would not have dismissed Mr. Bennett's habeas action as moot. The wrongdoing Mr. Bennett alleges in this case did not injure him in a manner that could entitle him to any compensation.

### III. Conclusion

Mr. Bennett shall have **through September 10, 2018**, to (a) pay the initial partial filing fee as directed in Part I of this Entry; and (b) show cause why this action should not be dismissed. Failure to complete these actions in the time allotted will result in the dismissal of this action without further warning or opportunity to show cause.

**IT IS SO ORDERED.**

Date: 8/13/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

MAURICE BENNETT
974997
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Financial Deputy Clerk